**UNITED STATES DISTRICT COURT**
**SOUTHER DISTRICT OF FLORIDA**

**Case No. 23-cv-61234**

TAYLOR ONLINE MARKETING.COM, INC.,
A California corporation,

    Plaintiff,

v.

JUSTIN T. BRAIN, and
NATIONAL CAR SHIPPING INC.,
a Florida corporation,

    Defendants.

**DEFENDANTS, JUSTIN T. BRAIN AND NATIONAL CAR SHIPPING, INC.'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM**

Defendants, Justin T. Brain and National Car Shipping, Inc., by and through its undersigned counsel, hereby submit their Answer, Affirmative Defenses and Counterclaim and state as follows:

**ANSWER**

1. Defendants deny the allegations in Paragraph 1.

2. Defendants are without knowledge of the allegations contained in Paragraph 2 and therefore denied.

3. Defendants admit the allegations in Paragraph 3.

4. Defendants admit the allegations in Paragraph 4.

5. Defendants are without knowledge of the allegations contained in Paragraph 5 and therefore denied.

6. Defendants are without knowledge of the allegations contained in Paragraph 6 and therefore denied.

7. Defendants admit the allegations in Paragraph 5 for jurisdictional purposes only.

8. Defendants are without knowledge of the allegations contained in Paragraph 8 and therefore denied.

## ALLEGATIONS COMMON TO ALL COUNTS

9. Defendants are without knowledge of the allegations contained in Paragraph 9 and therefore denied.

10. Defendants are without knowledge of the allegations contained in Paragraph 10 and therefore denied.

11. Defendants are without knowledge of the allegations contained in Paragraph 11 and therefore denied.

12. Defendants are without knowledge of the allegations contained in Paragraph 12 and therefore denied.

13. Defendants are without knowledge of the allegations contained in Paragraph 13 and therefore denied.

14. Defendants deny the allegations contained in Paragraph 14.

15. Defendants deny the allegations contained in Paragraph 15.

16. Defendants admit the allegations contained in Paragraph 16.

17. Defendants deny the allegations contained in Paragraph 17.

18. Defendants deny the allegations contained in Paragraph 18 as phrased.

19. Defendants deny the allegations contained in Paragraph 19 as phrased.

20. Defendants deny the allegations contained in Paragraph 20.

21. Defendants deny the allegations contained in Paragraph 21.

22. Defendants deny the allegations contained in Paragraph 22.

23. Defendants deny the allegations contained in Paragraph 23.

24. Defendants admit the allegations contained in Paragraph 24.

25. Defendants are without knowledge of the allegations contained in Paragraph 25 and therefore denied.

26. Defendants are without knowledge of the allegations contained in Paragraph 26 and therefore denied.

27. Defendants deny the allegations contained in Paragraph 27.

28. Defendants deny the allegations contained in Paragraph 28.

29. Defendants deny the allegations contained in Paragraph 29.

30. Defendants deny the allegations contained in Paragraph 30.

31. Defendants deny the allegations contained in Paragraph 31.

32. Defendants deny the allegations contained in Paragraph 32.

33. Defendants deny the allegations contained in Paragraph 33.

34. Defendants deny the allegations contained in Paragraph 34.

35. Defendants deny the allegations contained in Paragraph 35.

## COUNT I – BREACH OF CONTRACT

Defendants reallege reincorporate the responses contained in Paragraph 1 through 35 as if more fully set forth herein.

36. Defendants deny the allegations contained in Paragraph 36.

37. Defendants deny the allegations contained in Paragraph 37.

38. Defendants deny the allegations contained in Paragraph 38.

WHEREFORE, Defendants, Justin T. Brain and National Car Shipping, Inc., respectfully request this Court enter judgment in favor of Defendants, dismissing all claims in Plaintiff's Complaint and for such other and further relief that this Honorable Court deems just and proper.

### COUNT II – UNJUST ENRICHMENT

Defendants reallege reincorporate the responses contained in Paragraph 1 through 35 as if more fully set forth herein.

39. Defendants deny the allegations contained in Paragraph 39.

40. Defendants deny the allegations contained in Paragraph 40.

41. Defendants deny the allegations contained in Paragraph 41.

42. Defendants deny the allegations contained in Paragraph 42.

WHEREFORE, Defendants, Justin T. Brain and National Car Shipping, Inc., respectfully request this Court enter judgment in favor of Defendants, dismissing all claims in Plaintiff's Complaint and for such other and further relief that this Honorable Court deems just and proper.

### COUNT III – WORTHLESS PAYMENT INSTRUMENT

Defendants reallege reincorporate the responses contained in Paragraph 1 through 35 as if more fully set forth herein.

43. Defendants deny the allegations contained in Paragraph 43.

44. Defendants deny the allegations contained in Paragraph 44.

45. Defendants deny the allegations contained in Paragraph 45.

WHEREFORE, Defendants, Justin T. Brain and National Car Shipping, Inc., respectfully request this Court enter judgment in favor of Defendants, dismissing all claims in Plaintiff's Complaint and for such other and further relief that this Honorable Court deems just and proper.

## **AFFIRMATIVE DEFENSES**

1. The alleged failure to pay was caused wholly, or in part, by a third party not under the control of Defendants. In particular, an error by a third party payment processor may have resulted in funds not being deposited in Defendants accounts without knowledge of Defendants.

2. The terms of the purported contract between Plaintiff and Defendants were vague and/or indefinite and are not enforceable as between the parties.

3. The purported agreement between the parties permitting Plaintiff to automatically debit Defendant's account was required to be in writing and is therefore in violation of the statute of frauds.

4. Plaintiff knew or should have known that there were insufficient funds in Defendant's account yet continued to automatically debit Defendant's account without Defendant's prior consent.

5. Plaintiff is barred from prosecuting this action against Defendant as a result of unclean hands. Moreover, Plaintiff was overcharging Defendant for leads and automatically debiting Defendant's account for leads which Defendant did not request or authorize.

6. Defendants are entitled to a set off for all sums overcharged by Plaintiff and automatically debited from Defendant's account for leads that Defendant did not request or authorize.

## COUNTERCLAIM

Defendants/Counter-Plaintiffs, JUSTIN T. BRAIN and NATIONAL CAR SHIPPING, INC., pursuant to FRCP 12, hereby file this Counterclaim against Taylor Online Marketing.com, Inc. for damages and states as follows:

1. Plaintiff, Justin T. Brain ("Brain") is a resident of Broward County, Florida and is otherwise sui juris.

2. Plaintiff, National Car Shipping, Inc. ("NCS") is a Florida corporation with its principal place of business in Broward County, Florida and is otherwise sui juris.

3. Plaintiff, Taylor Online Marketing, Inc. ("TOM") is a corporation organized under the laws of California having its principal place of business in California.

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1367 since this claim arises from the same nucleus of operative facts as Plaintiff's underlying claim against Defendants.

5. Venue is proper because the conduct giving rise to this lawsuit occurred in this district.

6. On or about May 15, 2022, Brain and Tony Taylor, of TOM, exchanged emails whereby Brain and Taylor set out the parameters of the agreement between NCS and TOM foro the purchase of leads during specified times of day. See Exhibit "A" attached hereto.

7. The hours of 8:00 a.m. to 5:00 p.m. were commonly referred to as "business hours," and the hours of 5:00 p.m. to 10:00 p.m. were commonly referred to as "after hours." The email specifically requested leads/calls to be provided to NCS only between the hours of 8:00 a.m. and 10:00 p.m. during the week and between the hours of 8:00 a.m. and 9:00 p.m. during the weekend.

8. The reason for these parameters is that calls/leads could not reasonably be processed outside of those business hours in the middle of the night.

9. Between the months of August 2022 and January 2023, NCS was provided at least 930 leads/calls between the hours of 10:00 p.m. and 8:00 a.m. outside of the parameters and the agreement between the parties.

10. Despite not agreeing to receive and purchase these leads, NCS was subsequently charged for these leads and the funds were automatically withdrawn from NCS's account in violation of the agreement.

11. As a result, NCS was charged for over $18,000.00 worth of leads that it did not agree to receive or pay for, in violation of the agreement between the parties.

## COUNT I – BREACH OF CONTRACT

12. Defendants/Counter-Plaintiffs allege and incorporate the allegations set forth in Paragraphs 1 through 11 as if more fully set forth herein.

13. Pursuant to the email between Brain and Taylor attached as Exhibit "A", and the conduct between the parties, NCS and TOM had an agreement whereby NCS agreed to purchase leads from TOM between the hours of 8:00 a.m. 10:00 p.m.

14. TOM breached this agreement by providing leads to NCS outside of the specified time frame and charging NCS for these leads without NCS's permission or approval.

15. As a result of TOM's material breach of their agreement, NCS was overcharged by at least $18,000.00 and has suffered damages as a result thereof.

WHEREFORE, Defendants/Counter-Plaintiffs, respectfully request this Honorable Court enter judgment in favor of Defendants/Counter-Plaintiffs, for monetary damages, plus interest, costs and such other and further relief that this Honorable Court deems just and proper.

## COUNT II – UNJUST ENRICHMENT

16. Defendants/Counter-Plaintiffs allege and incorporate the allegations set forth in Paragraphs 1 through 11 as if more fully set forth herein.

17. This count is pled in the alternative to Count I.

18. NCS conferred a benefit on TOM when TOM automatically withdrew over $18,000.00 for leads that NCS did not request or authorize.

19. TOM accepted these funds and retained this benefit knowing that they were outside of the parameters agreed to by the parties.

20. Moreover, TOM knew that these leads would confer no benefit on NCS since most of these calls were made in the middle of the night outside of any reasonable business hours.

21. Under the circumstances it would be inequitable for TOM to retain the benefit of these payments since these leads serve no benefit to NCS.

22. NCS has been damaged by TOM and its actions herein.

WHEREFORE, Defendants/Counter-Plaintiffs, respectfully request this Honorable Court enter judgment in favor of Defendants/Counter-Plaintiffs, for monetary damages, plus interest, costs and such other and further relief that this Honorable Court deems just and proper.

## COUNT III – VIOLATION OF FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT

23. Defendants/Counter-Plaintiffs allege and incorporate the allegations set forth in Paragraphs 1 through 11 as if more fully set forth herein.

24. This is an action for violation of the Florida Deceptive and Unfair Trade Practices Act, Sections 501.201-501.213, Florida Statutes.

25. The actions of TOM charging NCS for leads in the middle of the night, outside of the agreed upon parameters set by the parties, without NCS's permission and automatically

withdrawing the funds for the leads from NCS bank account, constitute and unfair, deceptive and misleading trade practice.

26. As a direct and proximate result of TOM's unfair and deceptive trade practices, NCS sustained actual damages of over $18,000.00 which was withdrawn from NCS's bank account for leads in the middle of the night that provided no benefit to NCS.

27. NCS and Brain have been required to retain undersigned counsel to prosecute this action and have agreed to pay a reasonable fee for its services.

28. NCS and Brain are entitled to recover reasonable attorney's fees pursuant to Section 501.2105, Florida Statutes.

WHEREFORE, Defendants/Counter-Plaintiffs, respectfully request this Honorable Court enter judgment in favor of Defendants/Counter-Plaintiffs, for monetary damages, plus interest, costs and such other and further relief that this Honorable Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs/Counter-Defendants hereby demand a trial by jury in both the Complaint and Counterclaim on all matters so triable right.

**CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that on August 8, 2023, the foregoing document was electronically filed with the Clerk of Court using the CM/ECF system, which will serve the following by email: Griffin Klema, Esq., Attorney for Plaintiff, Klema Law, P.L., griffin@klemalaw.com.

Dated: **August 8, 2023**			Respectfully submitted,

/s/ *Eric M. Babbitt, Esq.*
Eric M. Babbitt
Fla. Bar No. 114188
ebabbitt@babbittpa.com
Eric M. Babbitt, P.A.
800 W. Cypress Creek Road, Suite 502
Fort Lauderdale, FL 33309
Tel: (954) 771-5299