UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-cv-61234-RAR/JMS

TAYLOR ONLINE MARKETING.COM, INC.,
a California corporation,

    Plaintiff and Counter-Defendant,

v.

JUSTIN T. BRAIN, and
NATIONAL CAR SHIPPING INC,
a Florida corporation,

    Defendants and Couter-Plaintiffs.

---

## ANSWER AND AFFIRMATIVE DEFENSES TO COUNTERCLAIMS

**COMES NOW** Counter-Defendant, Taylor Online Marketing.com, Inc. ("TOLM"), by and through its attorney, Griffin Klema, Esq., and pursuant to Fed. R. Civ. P. 12, answers the counterclaims of counter-plaintiffs Justin T. Brain and National Car Shipping Inc [ECF 9].

### ANSWER

TOLM admits the allegations of paragraphs 1-5. TOLM further admits that it had email correspondence with counter-plaintiffs as alleged in paragraph 6 but denies the remainder of that paragraph. As to paragraph 10, TOLM admits counter-plaintiffs were charged for leads they received from TOLM, but denies the remainder of that paragraph.

TOLM lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 27 and therefore denies same. Furthermore, the non-specific timeframes alleged in paragraph 9 make it impossible for TOLM to form a belief about the truth of the alleged number of leads which counter-plaintiffs received, and therefore denies same. For that same reason, TOLM lacks information sufficient to form a belief about the truth of the

allegations contained in paragraph 11, and therefore denies same.

TOLM denies the allegations in paragraphs 7-8, 13-15, 18-22, 25-26, and 28.

Paragraph 24 states a legal conclusion, and TOLM denies same.

Paragraphs 12, 16, and 23 of the counterclaim are re-incorporation paragraphs, for which TOLM re-adopts its responses.

Paragraph 17 does not include any allegations; nevertheless, TOLM denies same.

TOLM denies that counter-plaintiffs are entitled to any relief whatsoever in this action.

TOLM specifically denies all allegations, if any, and conclusions of law, if any, to which it did not specifically admit or respond to in this answer to counter-plaintiff's counterclaims.

**AFFIRMATIVE DEFENSES**

1. **Failure to State a Claim – FDUTPA**. Counter-plaintiffs fail to state a claim under the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") because they have not plausibly alleged any actual damages. Only actual damages are recoverable pursuant to FDUTPA. Rodriguez v. Recovery Performance & Marine, LLC, 38 So. 3d 178 (Fla. 3d DCA 2010). The measure of damages is the difference in the market value of the product or service in the condition in which it was delivered, and that product/service's market value in the condition in which it should have been delivered. Counter-plaintiffs received leads which were valued at their true and actual market value. Nor are counter-plaintiffs entitled to nominal damages. City First Mortg. Corp. v. Barton, 988 So. 2d 82 (Fla. 4th DCA 2008). Because counter-plaintiffs cannot plausibly allege any FDUTPA damages, they fail to state a claim upon which this Court may provide them relief. Furthermore, Justin Brain has not and plausibly cannot state a claim for relief under FDUTPA in his personal capacity apart from National Car Shipping Inc.

2. **Failure to State a Claim – Breach of Contract**. Similarly, counter-plaintiffs cannot state a claim for breach of contract for the same reasons alleged above in TOLM's first affirmative defense, and for the further reason that Exhibit A does not demonstrate a meeting of the minds on the essential terms of the alleged contract. The emails show only an initial offer by counter-plaintiffs with stated preferences (denoted by the operative equivocation "about") which TOLM responded with a counter-offer which counter-plaintiffs did not accept in writing. Counter-plaintiffs also equivocated on the alleged essential terms by their express use of the word "around" with respect to the number of calls (15), the bid amount ($20), and the times. Those terms in any event were modified by the parties' subsequent course of dealing, counter-plaintiffs increasing the bid amount and corresponding to an increased volume of leads — all the while accepting leads outside of the stated preferred times. Even if there is an agreement, counter-plaintiffs received precisely what they requested, and paid for the leads which they received (prior to receiving leads for which they did not pay), and therefore they have not plausibly alleged a breach of that agreement. Furthermore, Justin Brain has not and plausibly cannot state a claim for relief on a theory of breach of contract in his personal capacity apart from National Car Shipping Inc.

3. **Failure to State a Claim – Unjust Enrichment**. Counter-plaintiffs also cannot state a claim for unjust enrichment for the same reasons alleged above in TOLM's first and second affirmative defenses. Counter-plaintiffs do not and cannot plausibly allege that TOLM has received *anything* of value from counter-plaintiffs (money) for which the counter-plaintiffs did not receive equivalent value (leads). Stated differently, counter-plaintiffs' allegations that the leads were not "request[ed] or authorize[d]" or that "they were outside of the parameters" of the does not make them valueless such that they can state a claim for unjust enrichment. They did, in fact, receive those leads. Thus, they did not confer a benefit on TOLM for which it would be inequitable

for TOLM to retain because counter-plaintiffs received and realized the benefit of consumable/perishable leads. Furthermore, Justin Brain has not and plausibly cannot state a claim for unjust enrichment in his personal capacity apart from National Car Shipping Inc.

4. **Unreasonable Conduct**. Counter-plaintiffs did not act reasonably under the circumstances of the relationship between them and TOLM, and therefore their claim under FDUTPA fails as a matter of law. Millennium Commc'ns & Fulfillment, Inc. v. Office of the Attorney Gen., 761 So.2d 1256, 1263 (Fla. 3d DCA 2000). More particularly, counter-plaintiffs continually requested and received leads from TOLM and paid for those leads without any objection. Counter-plaintiffs' first assertion that the leads they received were unacceptable as the present counterclaim, brought long after the conduct allegedly forming the basis of their FDUTPA claim. Consequently, their claim is barred..

5. **Course of Dealing**. Counter-plaintiffs' claim for breach of contract is barred by the parties' course of dealing in which counter-plaintiffs acceded to the receipt of leads provided by TOLM regardless of time provided, and changed their bid amount with a corresponding desire to receive more leads. They also accepted leads outside of their stated time preferences for months and paid for those leads without objection.

6. **Economic Loss Rule**. Any damages allegedly suffered by counter-plaintiffs are reduced or barred in their entirety by the economic loss rule. Extra-contractual damages are not recoverable under a theory of breach of contract. Counter-plaintiffs have not alleged physical or personal injury nor property damage. Nor can counter-plaintiffs recover anything other than actual damages pursuant to FDUTPA; neither nominal nor consequential damages are recoverable. Smith v. 2001 S. Dixie Hwy., Inc., 872 So.2d 992 (Fla. 4th DCA 2004); Urling v. Helms Exterminators, Inc., 468 So.2d 451 (Fla. 1st DCA 1985).

7. **Waiver and Estoppel**. Counter-plaintiffs' claims are barred because they waived any such claims when they accepted leads from TOLM without objection. To the extent counter-plaintiffs had the opportunity to object (the existence of a right, which TOLM expressly denies) and knew of that opportunity, they intentionally failed to exercise that right to do so in advance of their further receipt of leads from TOLM outside their stated preferences. Instead, counter-plaintiffs accepted all leads provided by TOLM for months, and voluntarily paid for those leads. Consequently, counter-plaintiff's claims are barred as a result of their knowing and voluntary waiver of a right to refuse leads and are therefore estopped from recovering alleged damages for breach of contract, unjust enrichment, or FDUTPA.

8. **Unclean Hands**. Counter-plaintiffs come into equity with unclean hands, thus barring their equitable claims. Rather than deal fairly and honestly with TOLM, counter-plaintiffs plead-out counterclaims smacking of frivolity. Counter-plaintiffs led TOLM to believe that they would abide by their obligation to pay for leads such that TOLM would rely on their prior course of dealing, availability of funds to pay (post-consumption of leads), and debiting counter-plaintiffs' bank account for leads they received, and significantly increased their receipt of leads from TOLM knowing that they would not have the funds to pay fair, agreed-to value for them. Their conduct amounts to unclean hands which bars their equitable claims.

9. **Failure to Mitigate Damages**. Counter-plaintiffs' alleged damages are the result of their own fault and failure to discharge their duty to mitigate their purported damages. Counter-defendants are not liable to counter-plaintiffs for any such damages.

10. **Election of Remedies**. Counter-plaintiffs plead their counterclaims 1 and 2 in the alternative, and therefore they must elect a remedy between them. Their theories of breach of contract and unjust enrichment are mutually exclusive, and they cannot recover damages on both

of them.

11. **Setoff**. TOLM is entitled to a set-off of any amounts received by counter-plaintiffs from third parties or among each other, and further as to any positive recovery by TOLM on its own affirmative claims.

**DEMAND FOR ATTORNEY'S FEES**

Counter-Defendant has engaged counsel to defend against the counterclaims and upon prevailing party on the FDUTPA claim, TOLM will be entitled to its reasonable attorney's fees pursuant to § 501.2105, Fla. Stat. (2023). Accordingly, Counter-Defendant intends on moving for an award of attorney's fees pursuant to Fed. R. Civ. P. 54, and will oppose any request for dismissal under Rule 41 without being conditioned on an award of attorney's fees.

　　/s/ Griffin Klema
Griffin C. Klema, Esq.
Fla. Bar No. 100279
Griffin@KlemaLaw.com
**Klema Law, P.L.**
PO Box 172381
Tampa, FL 33672
420 W. Kennedy Boulevard
Tampa, FL 33606
Telephone: 202-713-5292
*Attorney for Plaintiff*