**UNITED STATES DISTRICT COURT**
**SOUTHER DISTRICT OF FLORIDA**

**Case No. 23-cv-61234-RAR**

TAYLOR ONLINE MARKETING.COM, INC.,
A California corporation,

      Plaintiff/Counter-Defendant,

v.

JUSTIN T. BRAIN, and
NATIONAL CAR SHIPPING INC.,
a Florida corporation,

      Defendants/Counter-Plaintiffs.

**JOINT SCHEDULING REPORT**

      Pursuant to the Court's Order Requiring Joint Scheduling Report and Certificates of Interest Parties dated August 9, 2023 [D.E. 10] and pursuant to Fed. R. Civ. P. 26(f)(3) and Local Rule 16.1(b), the Parties submit the following as their Joint Scheduling Report.

      **Proposed Case Track:**

      Pursuant to Local Rule 16.1(a)(2), the Parties believe that this matter should be assigned to a Standard Track.

      **Joint Scheduling Report:**

      **A.**    **The likelihood of settlement:** The Parties have engaged in preliminary settlement negotiations and will continue to confer in a good faith effort to reach an amicable and expeditious resolution of this matter, if possible. The likelihood of settlement is unknown at this time.

      **B.**    **The likelihood of appearance in the action of additional parties:** The likelihood of additional parties being named is unlikely now that the pleadings are closed.

**C.     Proposed limits on the time to (i) join additional parties; (ii) file and hear motions; and (iii) complete discovery:**  See proposed Joint Scheduling Orders attached hereto as Exhibits "A" and "B."

*Taylor Online Marketing.com Inc. ("TOLM") position*: Given the counterclaim, TOLM requests that the limitation on summary judgment motions under Local Rule 56.1(E) be enlarged to permit it to move once as to its primary claims in the complaint (and defendants' defenses in their answer), and once as to its defensive issues in its answer to the counterclaim (and as to counter-plaintiffs' counterclaims). The counterclaims asserted by National Car Shipping Inc and Justin Brain are distinct, with their own set of facts and law (the FDUTPA claim, at a minimum), and the defenses to them likewise legally and factually distinct. A separate motion allows the parties to present the legal issues cleanly and clearly. TOLM believes requesting modification to the local rule now as part of the scheduling order is appropriate and more efficient than forcing TOLM to incur the expense of a separate motion later which the defendants (apparently) will oppose—thus resulting in a contested motion on the Court's docket. Put simply, the defendants' proposal is (like their counterclaims are) calculated to increase TOLM's costs and wasteful of judicial resources. The basis for TOLM's request exists now—a set of separate pleadings with independent predicates—and addressing it early will provide certainty for the parties and structure the case going forward into discovery.

*Defendants'/Counter-Plaintiffs' position*: Defendants'/Counter-Plaintiffs object to the enlargement to the limitation on summary judgment motions under Local Rule 56.1(E) at this time. It is Defendants/Counter-Plaintiff's position that TOLM's unilateral request for this relief is entirely inappropriate for a Joint Scheduling Report and such relief should be requested by TOLM at the appropriate time by way of motion setting forth the grounds for relief once discovery and

the issues being litigated have developed, not unilaterally insisted upon in the parties Joint Scheduling Report. In fact, by insisting upon including an enlargement to the limitation on summary judgment motions in the Joint Scheduling Report and Proposed Scheduling Order, TOLM has turned this Joint Scheduling Report into an adversarial pleading containing substantive arguments. This is entirely inappropriate for a Joint Scheduling Report. The purpose of Local Rule 56.1(E) is to streamline litigation and conserve judicial resources. At this early point in the litigation before any discovery has been conducted, any such enlargement to Local Rule 56.1(E) is premature and speculative, at best. In fact, the issues and facts contained in the Complaint and Counterclaim are intertwined, and in order for Plaintiff to prevail on the claims set forth in its Complaint, it must overcome Defendants' Affirmative Defenses which allege similar facts to the Counterclaim. Multiple summary judgment motions would be duplicative and wasteful of both the Court's and the parties' resources. A Joint Scheduling Order proposed by Defendants/Counter-Plaintiffs without the proposed language inserted by TOLM permitting it to file two (2) summary judgment motions is attached hereto as Exhibit "B."

**D. Proposals for the formulation and simplification of issues, including the elimination of frivolous claims or defenses, and the number and timing of motions for summary judgment or partial summary judgment:** The Parties agree to work together in good faith to formulate and simplify the issues in dispute and to eliminate any frivolous claims or defenses. To the extent no agreement can be reached, Taylor Online Marketing.com Inc. plans on moving for summary judgment on certain of defendants' defenses. The Parties, where practicable, will stipulate as to the authenticity of records and utilize requests for admissions to narrow the facts and issues in dispute. Motions for summary judgment or partial summary judgment shall be filed in accordance with the deadline set forth in the proposed Joint Scheduling Order attached

hereto as Exhibit "A." Taylor Online Marketing.com Inc. reiterates its request to enlarge the limitation under Local Rule 56.1(E).

   E. **The necessity or desirability of amendments to the pleadings:** As present, the Parties do not anticipate the need to amend the pleadings.  However, if necessary, the Parties will file any amendments in accordance with the Joint Scheduling Order attached hereto as Exhibit "A."

   F. **The possibility of obtaining admissions of fact and of documents, electronically stored information or things which will avoid unnecessary proof, stipulations regarding authenticity of documents, electronically stored information or things, and the need for advance rulings from the Court on admissibility of evidence:** The Parties will work together to obtain admissions and stipulations that will avoid any unnecessary proof at trial.

   G. **Suggestions for the avoidance of unnecessary proof and of cumulative evidence:** At this time, discovery is still in its infancy.  However, the Parties will work together to avoid unnecessary proof and presentation of cumulative evidence at trial.

   H. **Suggestions on the advisability of referring matters to a Magistrate Judge or Master:** At this time, the Parties consent to having discovery disputes heard by the Magistrate Judge.  The Parties do not consent to the referral of any other matters to the Magistrate Judge at this time.

   I. **A preliminary estimate of the time required for trial:**  At this time, the Parties preliminary estimate that trial will require three to four days. TOLM believes that its claims can be tried in three days, but to the extent the counterclaims remain for trial, the time would require another day.

**J.     Requested date or dates for conferences before trial, a final pretrial conference, and trial:** See Joint Scheduling Order attached hereto as Exhibit "A."

**K.     Any issues about (i) disclosure, discovery, or preservation of electronically stores information, including the form or forms in which it should be produced; (ii) claims of privilege or of protection as trial-preparation materials, including – if the parties agree on a procedure to assert those claims after production – whether to ask the court to include their agreement in an order under Federal Rules of Evidence 502; and (iii) when the parties have agreed to use the ESI Checklist available on the Court's website, matters enumerated on the ESI checklist:** The parties conferred with respect to matters identified in the ESI checklist, and during conferral, some possible issues were discussed wherein Taylor Online Marketing.com Inc. believes defendants National Car Shipping Inc and Justin Brain may dispute the discoverability of information from certain sources; the defendants apparently contending that some sources may be entirely irrelevant and would not be searched. Nevertheless, the parties will endeavor to address all discovery matters in good faith.

**L.     Any other information that might be helpful to the Court in setting the case for status or pretrial conference:** None at this time. Should any other issues arise, the Parties will raise them with the Court by way of motion and/or status conference.

Dated: **September 5, 2023**

Respectfully submitted,

| | |
|---|---|
| */s/ Eric M. Babbitt, Esq.* | */s/ Griffin Klema* |
| Eric M. Babbitt | Griffin C. Klema, Esq. |
| Fla. Bar. No. 114188 | Fla. Bar No. 100279 |
| ebabbitt@babbittpa.com | griffin@klemalaw.com |
| Eric M. Babbitt, P.A. | Klema Law, P.L. |
| 800 W. Cypress Creek Rd. Ste 502 | 420 W. Kennedy Blvd. |
| Fort Lauderdale, FL 33309 | Tampa, FL 33606 |

Tel: (954) 771-5299
*Attorney for Justin T. Brain and*
*National Car Shipping, Inc.*

Tel: (202) 713-5292
*Attorney for Taylor Online Marketing, Inc.*