UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-cv-61234-RAR/JMS

TAYLOR ONLINE MARKETING.COM, INC.,
a California corporation,

    Plaintiff and Counter-Defendant,

v.

JUSTIN T. BRAIN, and
NATIONAL CAR SHIPPING INC,
a Florida corporation,

    Defendants and Counter-Plaintiffs.

## MOTION TO FILE CONFIDENTIAL SETTLEMENT AGREEMENT UNDER SEAL

Plaintiff/Counter-Defendant, TAYLOR ONLINE MARKETING.COM, INC., ("TOLM") by and through its undersigned counsel, pursuant to Local Rule 5.4, moves the Court for leave to file the parties' confidential settlement agreement under seal, in support of the parties' joint stipulation for dismissal with prejudice conditioned on the Court's retention of jurisdiction over the settlement agreement.

TOLM initiated this action against defendants Brain and National Car Shipping Inc. on June 27, 2023. [DE 1]. The defendants then answered and counterclaimed, [DE 9], to which TOLM answered, [DE 14]. After issue was joined, a scheduling order entered, the parties were able to negotiate a mutually-agreeable confidential settlement of this action. The parties' advised the Court of the progress of settlement, e.g. [DE 24], and the court subsequently entered an order administratively closing the case on February 7, 2024. [DE 28]. The parties then jointly moved for an extension of time to file case closing documents, [DE 29], which the Court then granted and required the parties to file appropriate dismissal documents on or before March 22, 2024, [DE 30].

Thereafter, the parties jointly moved for a case closing order, attempting to pursue the options available under Anago Franchising, Inc. v. Shaz, LLC, 677 F.3d 1272 (11th Cir. 2012). [DE 31]. The court granted that motion in part, and required the parties "to finalize the execution of their settlement agreement" and kept the case administratively closed. [DE 32].

On June 25, 2024, the parties filed a joint stipulation for dismissal with prejudice conditioned on the court retaining jurisdiction over their settlement agreement. [DE 34]. However, the Court declined to "retain jurisdiction over a settlement agreement it has not fully seen or approved" and instructed the parties to file a copy of their settlement agreement on the public docket. [DE 35]. However, given the confidential nature of the agreement, and to ensure that the agreement's terms are effectuated, TOLM moves for leave of court pursuant to Local Rule 5.4(b)(1).

The parties' agreement includes a confidentiality provision as to the entirety of the parties' settlement. To protect the confidentiality to which the parties agreed and to comply with the Court's directive to provide a copy of it to the Court before it would consider retaining jurisdiction over the agreement through a dismissal order, TOLM moves for leave to file that document under seal, or alternatively submitted for *in camera* inspection.

While documents filed on the record are typically subject to the common law right of access, that "may be overcome by a showing of good cause, which requires balancing the asserted right of access against the other party's interest in keeping the information confidential." Fort Myers Div. Arthrex, Inc. v. Parcus Med., LLC, No. 2:11-cv-694 2014 U.S. Dist. LEXIS 53500, *12-13 (M.D. Fla. 2014) (citing Romero v. Drummond Co., 480 F.3d 1234, 1245 (11th Cir. 2007)). A court may consider various factors including: (1) whether allowing access would impair court functions or harm legitimate privacy interests; (2) the degree of and likelihood of injury if made

public; (3) the reliability of the information; (4) whether there will be an opportunity to respond to the information; (5) whether the information concerns public officials or public concerns; (6) and the availability of a less onerous alternative to sealing the documents. Romero, 480 F.3d at 1246.

This district considers "proceedings in the United States District Court are public and Court filings are matters of public record." Local Rule 5.4(a). Nevertheless, good cause exists here which tips the balance in favor of sealing the confidential agreement and overcoming the public's common law right of access. Guar. Ins. Co. v. Hefferman Ins. Brokers, 2014 U.S. Dist. LEXIS 146840, at *2 (S.D. Fla. Oct. 15, 2014).

A central aspect of the parties' agreement was a reciprocal confidentiality provision (most notably as to the dollar amount to be paid by defendants to plaintiff). Accordingly, if the parties were required to file an un-redacted copy of that agreement on the Court's docket, and thereby disclose the confidential amount that defendants agreed to pay to TOLM, the defendants would be substantially injured, as they would lose the benefit of the confidentiality provision for which they, in part, agreed to in the settlement, and which constituted a material part thereof, thus allowing the settlement of this case and conserving judicial resources. As such, that confidentiality is a legitimate privacy interest of defendants. Furthermore, failing to retain jurisdiction or otherwise require the non-confidential filing of the parties' agreement would harm legitimate privacy interests insofar as the general right of contract. Marriott Corp. v. Dasta Construction Co., 26 F.3d 1057, 1068 (11th Cir. 1994) (observing that it is not the function of the courts to "interfere with the freedom of contract"); Mazzoni Farms, Inc. EI du Pont Nemours and Co., 761 So.2d 306 (Fla. 2000) (a "countervailing public policy must be sufficiently important that it outweighs the policy protecting freedom of contract").

There is no countervailing public concern in requiring the public disclosure of terms of the

parties' settlement, including the dollar amount of the agreement. Filing an unredacted copy of the agreement under seal will not impair any Court functions given that the vast majority of lawsuits are resolved by way of settlement rather than judgment. Courts continue to function, and indeed function well where litigants can freely bargain to resolve their differences without submitting their dispute to a factfinder. As the parties previously advised the Court, the mechanics of their agreement might require the filing of a stipulated judgment, a judgment that would represent the remaining amount due pursuant to the settlement agreement in the event that the defendants default.

As to factors four and five, there is no need for the public or any of the parties to respond to the information contained in the confidential settlement agreement, nor does the agreement concern public officials or public concerns. The only other alternative to filing under seal would be submitting the agreement for in camera inspection directly to the Court, which the parties would alternatively propose, to the extent the Court is disinclined to grant leave to file it under seal on the public docket.

Finally, the parties propose that the duration of the seal last indefinitely, given the indefinite nature of the confidentiality provision.

**WHEREFORE**, plaintiff Taylor Online Marketing.com Inc., requests the Court:

a) grant this Motion;

b) provide leave for plaintiff to file the parties' executed confidential settlement agreement under seal, or alternatively instruct the parties to submit their agreement to the Court for *in camera* inspection; and

c) for such further relief as the Court deems just and proper.

**CERTIFICATE OF COUNSEL**

Counsel for the movant certifies that he made reasonable efforts to confer with all parties or non-parties who may be affected by the relief sought in this motion on July 1, 2024, at 10:14 AM by email, but has been unable to confirm that Defendants/Counter-Plaintiffs would agree to this motion. Plaintiff/Counter-Defendant will continue diligent efforts to confer, and advise the Court if agreement can be reached respecting the relief sought in this motion.

    /s/ Griffin Klema
Griffin C. Klema, Esq.
Fla. Bar No. 100279
Griffin@KlemaLaw.com
**Klema Law, P.L.**
PO Box 172381
Tampa, FL 33672
420 W. Kennedy Boulevard
Tampa, FL 33606
Telephone: 202-713-5292
*Attorney for Plaintiff*